UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
INENGKIE CHUCKIE  ENTERTAINMENT  :
ANELYN LANDICHO AND ARNEIL GATPO :
                                                                           :
                  Plaintiffs                            :   Civil Action no:_____
                                                                           :
v.                                                                      :
                                                                           :
                                                                           :   **VERIFIED COMPLAINT**
CHARLES VICTOR ENTERTAINMENT :
CHARLES VICTOR  JANIVA AND       :
KAREN LEONARDO                           :
                                                                           :
                                                                           :
                  Defendants                           :
                                                                           :   JURY TRIAL DEMANDED
-------------------------------------------------------------------X

      Plaintiffs Inengkie Chuckie Entertainment, Anelyn Landicho, and Arneil Gatpo, by and through their attorneys, Law Offices of Jonathan R Suarez, PLLC, complain to the following Defendants: Charles Victor Entertainment, Charles Victor Janiva, and Karen Leonardo (collectively "Defendants"), herein alleging:

## JURISDICTION

1)    The case is based on the parties' diversity of citizenship under 28 U.S.C.§ 1332(a)(1) because it is between citizens of different states.

2)    The matter in controversy amounts to **$457,068** exclusive of interest and costs.

3)    Plaintiff Inengkie Chuckie Entertainment (herein "Inengkie") is a domestic corporation incorporated under the laws of the State of New Jersey through its CEO, Anelyn Landico, residing in Belleville, New Jersey. Its principal place of business is at 89 Rutan Road, Belleville, New Jersey 07109. Accordingly, Plaintiff Inengkie suffered **$457,068** of actual and compensatory damages.

1

4) Plaintiff Anelyn Landicho suffered out-of-pocket actual and compensatory incidental expenses for the show, amounting to **$30,300**.

5) Plaintiff Arneil Gatpo suffered out-of-pocket actual and compensatory incidental expenses for the show amounting to **$23,700.**

6) Defendant Charles Victor Entertainment (herein "CVE") is a New York domestic corporation, incorporated and has a principal place of business in New York State, located at 4752 44th Street Apartment A4, Woodside, NY 11377.

7) Defendant Charles Victor Janiva ( herein " Mr. Janiva") is a citizen of the state of New York. His residence is at 4752 44th Street, Apartment A4, Woodside, NY 11377.

8) Defendant Ms. Karen Leonardo ( herein "Ms. Leonardo") is a citizen of the state of New York. She resides at 4752 44th Street, Apartment A4, Woodside, NY 11377. She is a treasurer, operations manager, and partner who collects ticket sales and asks for sponsorship on behalf of CVE.

## VENUE

9) All of the Plaintiffs alleged that the venue is proper under 28 U.S.C. § 1391(b) (2) because the written agreement was executed in New York and all of the Defendants are residents of Queens County, New York State.

## PARTIES

10) Plaintiff Inengkie Chuckie Entertainment ( herein "Inengkie") is a domestic corporation incorporated under the laws of the State of New Jersey.

11) Plaintiff Anelyn Landicho (herein "Ms. Landicho") is the CEO of Inengkie, who lives at 89 Rutan Road, Belleville, New Jersey 07109.

12)      Plaintiff Arneil Gatpo (herein "Mr. Gatpo") is the Treasurer of Inengkie who lives at 89 Rutan Road, Belleville, New Jersey 07109.

13)      Defendant Charles Victor Entertainment (herein "CVE") is incorporated and has a principal place of business in New York State, located at 4752 44th Street Apartment A4, Woodside, NY 11377.

14)      Defendant Charles Victor Janiva (herein "Mr. Charles") is the Chief Executive Officer of CVE and presently resides at 4752 44th Street Apartment A4, Woodside, NY 11377, the same address as Charles Victor Entertainment.

15)      Defendant Karen Leonardo ( herein "Ms. Leonardo") is the treasurer, operations manager, and partner, collecting the ticket sales and asking for sponsorship on behalf of CVE.

16)      At all relevant times herein, Mr. Charles Janiva is the Chief Executive Officer and the Treasurer of Charles Victor Entertainment. Accordingly, he possessed significant operational control over finances, dealings, and contract negotiations.

17)      At all relevant times herein, CVE, Mr. Janiva, and Ms. Leonardo (collectively the "Corporate Defendants") were jointly and severally transacting all their business together. They had common control of the operations and transactions of Charles Victor Entertainment's business.

## STATEMENT OF THE CLAIM

18)      This case involves an individual engaged in deceptive practices, aiming to solicit funds from others under false pretenses. The individual leverages these funds for personal projects without contributing any financial resources of their own. After generating profits, they falsely report losses to the original investors while secretly claiming substantial gains.

This manipulation is intended to mislead potential future investors by presenting a façade of financial hardship.

19) Plaintiffs are known in the United States of America as Filipino American producers of concerts, gigs, sports tournaments, and events. They have some followers and supporters of their activities.

20) On or about June 2023, the Plaintiffs were one of the producers of The Eraserheads' Concert that was held in Madison Square Garden in NYC, New York. This concert earned major success that other financiers wanted to follow.

21) At that time, Defendant was a transportation sponsor of the band Eraserhead. He brings the performers of the show to venues, restaurants, and marketing gigs for promotion.

22) While doing his transportation sponsorship, Defendant Charles Janiva met Plaintiff Anelyn Landicho of Inengkie Chuckie Entertainment and her husband, Arneil Gatpo.

23) Because of Plaintiff's financial success in doing the Eraserheads concert in New York in 2023, and because Defendant Mr. Charles knew of the profit Ms. Landicho and her husband, Arneil Gatpo, earned on said Concert, Defendant took advantage of both Plaintiff and her husband, Arneil Gatpo, by befriending the Plaintiff with the intention of defrauding them.

24) In order to orchestrate her intent to defraud, Defendant Mr. Charles gave both Ms. Landicho and her husband, Arneil Gatpo, free front-seat tickets for the concert " Vocal Champs," in which Defendant Mr. Janiva was involved in the promotion.

25) In addition, Defendant Mr. Janiva called and befriended Arneil Gatpo by texting him daily to ask how his day was, and greeted Happy Father's Day, introducing himself as

4

one of the major producers in the Filipino community, " that he can get popular artists in the Philippines to perform in the U.S.

26) Furthermore, on July 30, 2023, Mr. Janiva bragged about his new projects to Mr. Arneil Gatpo and his wife, Ms. Landico: Parokya ni Edgar Concert, a) Washington D.C. on October 14, 2023; b) Tampa Bay, Florida February 18, 2024; c) Honolulu Hawaii, on March 2, 2024, and d) New York, October 15, 2023.

27) Mr. Janiva boasts that all of his concerts are successful and sold out. Moreover, he can arrange for Artists from the Philippines to perform in the U.S.A.

28) Mr. Janiva showed Plaintiff's husband, Mr Gatpo, concert fliers, posters, and an advertisement for the concert Parokya ni Edgard.

29) In return, Mr. Gatpo helped promote the concerts by posting them on social media and posting posters and fliers in Filipino stores.

30) On February 2, 2024, Defendant Mr. Javina, knowing that Mr. Gatpo had money to produce shows, called and asked Plaintiff's husband, Arneil Gatpo, if he could borrow **$30,000.00** to be used in his project, Paroklya ni Edgar.

31) To convince Mr Gatpo, Defendant Mr. Javina told him: a) He will be a business partner in this show b) On the poster of the show, the business of Mr. Gatpo and his wife, Inengkie Chuckie Entertainment, will be part of the poster; c) The **$30,000** will be returned regardless if loss with interest of 15% with the total amount of **$34,500.**

32) The defendant paid this loan on March 21, 2024.

33) On March 2024, Defendant Mr. Javina knew that he had already gained the trust and confidence of Plaintiff's Husband, Arneil Gatpo, and wife, Anelyn Landicho. He asked

5

Plaintiff Arneil Gatpo to be his partner in the upcoming Eraserheads Concert Show in Peacock Theater in Los Angeles, California, on July 13, 2024.

34) Accordingly, Anelyn Landicho and her husband, Arneil Gatpo, will produce the concert for **$150,000** with a guarantee of **23%** profit upon return. The overall return, regardless of loss, is **$184,500** on or before July 27, 2024.

35) In addition to producing the concert, the Plaintiff will pay for the booking of the Hotel and their entourage, the venue, and other operating expenses for the concert, with reimbursement.

36) This contract, which was made in writing and signed on April 26, 2024, includes the reimbursement of any operating expenses that Producers will pay.

37) Plaintiff flew to Los Angeles for this concert. Defendant Karen Leonardo received the ticket sales, the sponsorship payments, promotional earnings, goods and products to be sold at the concert, and all financial earnings from the concert.

38) Fortunately, the concert was a tremendous success. The Plaintiffs physically saw the people who attended and all the sponsors who participated.

39) Accordingly, at least 40 sponsors with a fee of $5,000 per sponsor have been obtained. With sponsorship alone, the concert earned approximately $200,000.

40) Plaintiff's overall expenses for the Concert, Hotel, venue, and production amounted to $42,273. These expenses were added to the initial $150,000 that was paid to Defendant Mr.Charles. Therefore, the overall money the Plaintiff produced in said concert was **$192,273.**

41) Thus, the contract stated that the total amount invested, which is **$192,273** with **25%** guarantees, is **$236,496.**

6

42) On July 27, 2024, Plaintiff Gatpo texted and demanded from Defendant Mr Charles the **$236,496** earnings that were stated in the contract. In reply, the Defendant, Mr Charles, doesn't want to pay and told him, "**Just roll it over for the next concert, Rivermaya the Concert.**"

43) The Plaintiff insisted that it was not what they agreed on and repeatedly demanded his earnings from the Eraserhead concert.

44) On July 28, 2024, Plaintiff insisted on paying him back the money he produced in the concert, as well as his operating expenses. However, the Defendant refused and demanded to " roll over the money to my next project, Rivermaya."

45) On July 29, 2024, the Defendant, who has another upcoming concert that he closed with, entitled "Rivermaya Reunion Concert 2024," told the Plaintiff that *" I will pay you the $236,496, but you must return this money with an additional $13,504 invested for the next project, entitled Rivermaya Reunion Concert 2024. The total money you will return to me is $250,000."*

46) Plaintiff Mr. Gatpo doesn't want to enter into this agreement. However, under duress and intimidation, the Defendant agreed that he would return his money and did return the **$250,000.**

47) The Plaintiff, in return, drafts the same written agreement that he made before with the concert Eraserheads, memorializing that the money he produced in the Rivermaya Concert is $250,000, not including the operating expenses that will be spent on hotel, venue, and concert expenses, including cash that needs to be paid.

48) Accordingly, the overall amount spent on the concert by the Plaintiff amounted to **$365,654.95.** This includes the *$250,000* that was initially given to the Defendant and

additional operating expenses on hotel, venue, and concert expenses, including cash that needs to be paid, amounting to **$115,654.**

49) Thus, the contract that was signed and agreed to be executed provided that Charles Entertainment and Charles Victor Janiva shall be responsible for paying the Plaintiff 100% of the investment, which is $365,654.95, and 25% guaranteed regardless of the outcome, for an overall total of **$457,068.**

50) Thus, these overall expenses do not include the personal money out-of-pocket expenses of Plaintiff Anelyn Landicho, which is **$30,300,** and Plaintiff Arneil Gatpo of **$23,700.**

51) The concert turned out to be successful: 1) on September 8, 2024, in PSE Coliseum, Vancouver, Canada, 2) on September 21, 2024, in MSG, NYC, NY, and 3) on October 4, 2024, in Greek Los Angeles, California.

52) Furthermore, the contract provides that earnings and money back guaranteed of 100% shall be paid by the Defendant on: a) First contract on September 22, 2024, Vancouver, Canada concert; b) Second contract on October 5, 2024, NYC, NY concert; c) Third Contract on October 18, 2024, LA, Ca, concert.

53) To date, the Defendant has refused to pay the Plaintiff **$457,068** without any justifiable legal reason for the contract.

## AS AND FOR THE FIRST CAUSE OF ACTION
## AGAINST ALL THE DEFENDANTS, CHARLES VICTOR
## ENTERTAINMENT, CHARLES VICTOR JANIVA, AND KAREN LEONARDO
## FOR BREACH OF CONTRACT

8

54) Plaintiffs repeat and reallege paragraphs 1 through 52 of the Complaint.

55) As Charles Victor Entertainment, LLC, represented by Charles Victor Javana and Karen Leonardo, entered into a series of concerts as promoter entitled Rivermaya reunion concert 2024, contracts with Plaintiffs Inengkie Chuckie Entertainment, CEO Anelyn Landicho, and Arneil Gatpo as producer or investor to perform on the following dates: 1) on September 8, 2024, in PSE Coliseum, Vancouver, Canada; 2) on September 21, 2024, in MSG, NYC, NY, and 3) on October 4, 2024, in Greek Los Angeles, California.

56) According to the Contract, the Plaintiffs, as producers, shall give Defendants $250,000 and will shoulder all operating expenses, venue, hotel, and other expenses related to the concert. In return for all this money delivered by the Plaintiff to the Defendant. Defendant shall return the money invested in this concert, guaranteed regardless of the outcome, with a 25% profit.

57) To date, Defendant has failed to pay the **$457,068** to Plaintiff. The actual damages suffered by the Plaintiff are composed of 1) the Amount of **$250,000** that the Plaintiff gave to the Defendant from the previous concert, "Eraserheads concert"; 2) operating expenses on hotel, venue, and concert expenses, including cash that needs to be paid, were **$115,654.** 3) and the amount **$91,413,** representing 25% guaranteed interest for the money spent by the Plaintiff.

## AS AND FOR THE SECOND CAUSE OF ACTION
## AGAINST CHARLES VICTOR ENTERTAINMENT LLC FOR BREACH OF
## IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

58) Plaintiffs repeat and reallege Paragraphs 1 through 57 of the Complaint.

59) As Charles Victor Entertainment, LLC, represented by Charles Victor Javana and Karen Leonardo, entered into a series of concerts as promoter entitled Rivermaya reunion concert 2024, contracts with Plaintiffs Inengkie Chuckie Entertainment, CEO Anelyn Landicho, and Arneil Gatpo as producer or investor to perform on the following dates: 1) on September 8, 2024, in PSE Coliseum, Vancouver, Canada; 2) on September 21, 2024, in MSG, NYC, NY, and 3) on October 4, 2024, in Greek Los Angeles, California.

60) According to the Contract, the Plaintiffs, as producers, shall give Defendants $250,000 and will shoulder all operating expenses, venue, hotel, and other expenses related to the concert. In return for all this money delivered by the Plaintiff to the Defendant. Defendant shall return the money invested in this concert, guaranteed regardless of the outcome, with a 25% profit.

61) To date, Defendant has failed to pay the **$457,068** to Plaintiff. The actual damages suffered by the Plaintiff are composed of 1) the Amount of **$250,000** that the Plaintiff gave to the Defendant from the previous concert, "Eraserheads concert"; 2) operating expenses on hotel, venue, and concert expenses, including cash that needs to be paid, were **$115,654.** 3) and the amount **$91,413,** representing 25% guaranteed interest for the money spent by the Plaintiff.

62) The Defendants breached their duty in this contract by not paying and ignoring its provisions, and they clearly understood that they had signed a written agreement with the Plaintiff.

63) In addition, Defendants failed and refused to provide any financial statements, accounting records or supporting documents substantiating their claim of financial loss. No disclosure of ticket sales, sponsorship proceeds, or production expenses was ever

made, despite multiple demands.

64) Based on information and belief, and direct observations of concert attendance and sponsorship deals, the concerts generated substantial profits. The Defendants' unilateral declaration of financial failure, unsupported by any documentary evidence, constitutes a deliberate misrepresentation of material facts.

## AS AND FOR THE THIRD CAUSE OF ACTION
## AGAINST CHARLES VICTOR and KAREN LEONARDO FOR FRAUD AND MISREPRESENTATION

65) Plaintiffs repeat and reallege Paragraphs 1 through 52 of the Complaint.

66) Plaintiffs Inengkie Chuckie Entertainment, through its principals Anelyn Landicho and Arneil Gatpo entered into a contractual agreement with Charles Victor Entertainment, LLC, represented by Charles Victor Javana and Karen Leonardo, for the production and promotion of the "Rivermaya Reunion Concert 2024." The agreement covered performances scheduled as follows: (1) September 8, 2024, at PSE Coliseum in Vancouver, Canada; (2) September 21, 2024, at Madison Square Garden, New York City; and (3) October 4, 2024, at the Greek Theatre, Los Angeles, California.

67) All three concerts were successfully held, with substantial attendance and wide media coverage. The shows received support from approximately forty (40) sponsors, each contributing $5,000, in addition to significant ticket sales revenues.

68) Despite the evident financial success, Defendants Charles Victor and Karen Leonardo falsely informed Plaintiffs that the concert series had incurred a loss and, on

11

that basis, refused to remit any share of the proceeds to Plaintiffs.

69) Defendants failed and refused to provide any financial statements, accounting records, or supporting documents substantiating their claim of financial loss. No disclosure of ticket sales, sponsorship proceeds, or production expenses was ever made, despite multiple demands.

70) Upon information and belief, and based on direct observations of concert attendance and sponsorship deals, the concerts generated substantial profits. The Defendants' unilateral declaration of financial failure, unsupported by any documentary evidence, constitutes a deliberate misrepresentation of material facts.

71) Defendants' conduct was willful, intentional, and designed to deceive Plaintiffs and deprive them of their rightful earnings. The false representation regarding the financial outcome of the concert series, coupled with the failure to provide any transparency or documentation, amounts to **fraudulent misrepresentation**, warranting legal relief, including compensatory and punitive damages.

## AS AND FOR THE THIRD CAUSE OF ACTION
## AGAINST CHARLES VICTOR and KAREN LEONARDO
## FOR CONVERSION

72) Plaintiff repeats and realleges Paragraphs 1 through 52 of the Complaint.

73) Plaintiffs Inengkie Chuckie Entertainment, through its principals Anelyn Landicho and Arneil Gatpo entered into a contractual agreement with Charles Victor Entertainment, LLC, represented by Charles Victor Javana and Karen Leonardo, for the production and promotion of the "Rivermaya Reunion Concert 2024." The agreement

12

covered performances scheduled on: (1) September 8, 2024, at PSE Coliseum in Vancouver, Canada; (2) September 21, 2024, at Madison Square Garden, New York City; and (3) October 4, 2024, at the Greek Theatre, Los Angeles, California.

74) All three concerts were successfully executed, with high attendance and broad media coverage. The events were further supported by approximately forty (40) sponsors, each contributing $5,000, and substantial ticket revenue was generated.

75) Despite these indicators of success, Defendants Charles Victor and Karen Leonardo falsely informed Plaintiffs that the concert series had suffered financial losses, and on that basis, refused to remit any portion of the proceeds to Plaintiffs, in direct breach of their contractual and fiduciary obligations.

76) Defendants have failed and refused to provide any financial accounting, including but not limited to ticket sales, sponsorship income, or expenditure reports, despite repeated demands by Plaintiffs. This refusal to account for funds entrusted to them constitutes not only fraudulent concealment but also a wrongful exercise of control over funds rightfully belonging to Plaintiffs.

77) Upon information and belief, based on visible attendance, confirmed sponsorships, and the commercial success of the events, the concerts yielded substantial profits. The defendants' unsupported claim of financial loss is a deliberate misrepresentation designed to mislead and defraud Plaintiffs.

78) Further, the Defendants' failure to distribute the Plaintiffs' rightful share of proceeds and their continued control over such funds constitute **conversion**—the unlawful and intentional dominion and control over personal property belonging to another, to the exclusion of the rightful owner's interests.

79) As a result of the Defendants' fraudulent misrepresentations and wrongful conversion of funds, Plaintiffs have suffered substantial damages, including the loss of their investment, anticipated profits, and business opportunities.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants for the following:

1) Directing Defendants to pay Plaintiffs their actual damages and compensatory damages arising from breach of Contract, amounting to **$ $457,068**.

**2)** Directing Defendants to pay Plaintiffs for their breach of the duty of implied covenant of good faith and fair dealing for **$457,068.**

3) Directing Defendants to pay Plaintiffs for committing Fraud and misrepresentation and causing Plaintiff to suffer economic losses **of $250,000.**

4) Directing Defendants to pay Plaintiffs punitive damages for Fraud and misrepresentation in the amount of **$250,000.00**.

5) Directing Defendant to pay Plaintiffs for **$150,000** in substantial damages, including the loss of their investment, anticipated profits, and business opportunities for conversion committed.

6) Directing Defendant to pay Plaintiff Anelyn Landicho for the amount of **$33,300** for actual and compensatory damages for out-of-pocket expenses in the concert.

7) Directing Defendant to pay Plaintiff Arneil Gatpo for the amount of **$23,700** for actual and compensatory damages for out-of-pocket expenses in the concert.

8) And other further relief the Court may deem just and proper.

Date: May 2, 2025
New York, New York

  /s/ Jonathan R Suarez
_____

Jonathan R Suarez, Esq.
*Attorney for Plaintiffs*
Law Office of Jonathan R Suarez, PLLC.
267 5th Ave. Suite 106 Lower Level II
New York, NY 10016
Tel: 917.655.2426/917.340.0896
Fax: 917.965.2733
Email:jonathan@jonsuarezlaw.com

## VERIFICATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

I, ANELYN LANDICHO, being duly sworn, depose and says that I am the Plaintiff in the proceeding, that I have read the annexed Complaint, and know the contents thereof, that the same is true to my knowledge except as to matter therein stated to be alleged upon information and belief, as to those matters, I believe is to be true.

                                                ANELYN LANDICHO

Sworn to before me this 5th day of May 2025.

Jonathan R. Suarez
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02SU6419392
Qualified in New York County
Commission Expires 07/06/2025

17

## VERIFICATION

STATE OF NEW YORK    )
                     )   ss.:
COUNTY OF NEW YORK   )

I, ANELYN LANDICHO, being duly sworn, depose and says that I am the CEO of Inengkie Chuckie Entertainment., the Plaintiff in the proceeding, that I have read the annexed Complaint, and know the contents thereof, that the same is true to my knowledge except as to matter therein stated to be alleged upon information and belief, as to those matters I believe is to be true.

_____
ANELYN LANDICHO

Sworn to before me this 5th day of May 2025.

Jonathan R. Suarez
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02SU6419392
Qualified in New York County
Commission Expires 07/06/2025

Notary Public

# VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, ARNEIL GATPO, being duly sworn, depose and says that I am the Plaintiff in the proceeding, that I have read the annexed Complaint, and know the contents thereof, that the same is true to my knowledge except as to matter therein stated to be alleged upon information and belief, as to those matters, I believe is to be true.

_____
ARNEIL GATPO

Sworn to before me this 5th day of May, 2025.

_____
Notary Public

Jonathan R. Suarez
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02SU6419392
Qualified in New York County
Commission Expires 07/06/2025