UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
INENGKIE CHUCKIE ENTERTAINMENT, :
LLC, ANELYN LANDICHO and ARNEIL :
GATPO, :
 :
 :
                              Plaintiffs, :
 :
 :
            - against - :  **MEMORANDUM DECISION AND**
 :  **ORDER**
 :
 :  25-cv-2472 (BMC)
CHARLES VICTOR ENTERTAINMENT, :
LLC, CHARLES VICTOR JANIVA and :
KAREN LEONARDO, :
 :
 :
 :
                              Defendants. :
------------------------------------------------------------- X

**COGAN**, District Judge.

     This diversity case arises out the production of concert events in the music industry.

Plaintiffs sue for, *inter alia*, breach of contract and fraud, based on money they or their company

put into defendants' business which their company didn't get back.  Defendants' have moved to

dismiss because, despite an amendment, plaintiffs have still failed to properly allege diversity

jurisdiction.[1]  Defendants are correct, and their motion to dismiss is therefore granted.

**SUMMARY OF AMENDED COMPLAINT**

     The amended complaint alleges (twice) that plaintiff Inengkie Chuckie Entertainment

("Inengkie") is or was a limited liability company organized under New Jersey law with its

principal place of business there.  It is engaged in entertainment promotion, management, and

producing performing arts, concerts, and related events.  Plaintiffs are "known in the United

---

[1] Defendants have also moved to dismiss for failure to state a claim, but the Court is not reaching that issue because of the lack of subject matter jurisdiction.

States as Filipino American producers" of music events and sports tournaments.  The amended complaint further alleges that the individual plaintiffs, Anelyn Landicho and Arneil Gatpo, are "member-managers" of Inengkie.  It does not contain any allegations of whether there are any other members of Inengkie, whether managing members or not.

As to defendants, the amended complaint alleges that defendant Victor Entertainment is a New York limited liability partnership with its principal place of business in New York City, that its "sole members" are defendants Charles Victor Janiva and Karen Leonardo (husband and wife), and that Janiva and Leonardo are also "member-managers." The individual defendants are alleged to be citizens and residents of New York State.

In February 2024, Javina asked Gatpo whether Gatpo could invest $30,000 to be used in Javina's project, a show called "*Parolya ni* Edgar." Javina told Gatpo that with that investment, he would become a partner in the project, and that Inengkie would be featured on the poster for the show.  Javina also told Gatpo that the $30,000 "would be returned regardless if [sic] loss with interest of 15% with the total amount of $34,500."  Based on those representations, "defendant [sic: should be "plaintiff" or "plaintiffs"] paid this investment … ."

The next month, Javina solicited Gatpo to be a partner in an Eraserheads Concert Show that Javina was producing for performance in Los Angeles.  The terms of the written contract were that the individual plaintiffs would contribute $150,000 with a guarantee of either a 23% or 25% return (the complaint alleges both) payable on or before July 27, 2025.  Plaintiffs also had to advance operating expenses, subject to reimbursement.

The concert was a "tremendous success," and plaintiffs were owed $236,496 (repayment of their contribution, plus interest, plus reimbursement expenses).  Plaintiffs demanded repayment, but defendants declined unless plaintiffs agreed to "rollover" the payment, plus

2

injecting another $13,504, thus making a total of $250,000, for a new show that defendants were producing. "[U]nder duress and intimidation," plaintiffs agreed. Plaintiffs also advanced another $115,654.00 for this next concert, so that defendants owed them a total of $365,65.95.[2] With the return guaranteed in the contract for this concert of 25%, plaintiffs claim to be owed a total of $457,068.[3]

## DISCUSSION

For diversity purposes, a limited liability company "takes the citizenship of each of its members." Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012). "Thus, if a party to a diversity action is an LLC, the party seeking to invoke the court's diversity jurisdiction must identify both the LLC's members and their citizenship." 136-61 Roosevelt LLC v. Starbucks Corp., No. 21-cv-3560, 2021 WL 2779287, at *1 (E.D.N.Y. July 2, 2021). "If any of an LLC's members are themselves non-corporate entities, then a party must allege the identity and citizenship of their members, proceeding up the chain of ownership until the party has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." Flemming v. Port Auth. of N.Y. & N.J., No. 21-cv-1112, 2021 WL 878558, at *1 (E.D.N.Y. March 9, 2021) (alterations adopted) (quoting U.S. Liab. Ins. Co. v. M Remodeling Corp., 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020)); see also 136-61 Roosevelt, 2021 WL 2779287, at *1; 147-149 McCarren, LLC v. Holding De Gestion Turistica MIJ Spain S.L., No. 21-cv-950, 2021 WL 878557, at *1 (E.D.N.Y. March 9, 2021); Barnes v. Fort Hamilton Fam. Homes, No. 21-cv-1044, 2021 WL 861801, at *1 (E.D.N.Y. Mar. 8, 2021).

---

[2] However, the amended complaint also alleges that after plaintiffs agreed to rollover their $236,496 and add $13,504 to it, "defendant agreed to repay and did return the $250,000." This is one of many obscurities in plaintiffs' amended complaint.

[3] There is a reference in the amended complaint to another $30,300 and $23,700 in "personal money out-of-pocket expenses" contributed by Landicho and Gatpo, respectively. It is not clear whether plaintiffs are seeking to recover these amounts or if they are included in the $457,068.

There is good reason for this rule.  As Chief Justice Marshall explained: "The decisions of this court require, that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact upon which jurisdiction depends.  It is not sufficient that jurisdiction may be inferred, argumentatively, from its averments."  Brown v. Keene, 33 U.S. 112, 114 (1834).  "Indeed, because jurisdiction is the building block upon which the entire case must rest, it is particularly important that plaintiffs have a sound factual basis for invoking it."  Flemming, 2021 WL 878558, at *2 (citation omitted).  That means "jurisdictional allegations, like all allegations in pleadings, have to be based on facts, not conclusions."  Lettman v. Bayview Loan Servicing, LLC, No. 19-cv-3204, 2019 WL 2504015, at *1 (E.D.N.Y. June 17, 2019).  The party invoking federal jurisdiction "bears the burden of demonstrating that grounds for diversity exist and that diversity is complete."  Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 322-23 (2d Cir. 2001) (internal quotation marks and citation omitted).

Despite Judge Ross having brought the issue to plaintiffs' attention with respect to the original complaint, plaintiffs' amended complaint does not cure this problem.  It merely alleges that the two individual plaintiffs, Anelyn Landicho and Arneil Gatpo, are "member-managers" of Inengkie.  It does not address whether there are other members, the presence of whom or which might destroy diversity, let alone identify them.  The amended complaint therefore fails to sufficiently allege subject matter jurisdiction.

Having had two opportunities to allege its own citizenship, plaintiffs still can't get it right.  And, indeed, their response to the motion to dismiss raises the possibility that they don't want to get it right because diversity isn't present.  Even in their memorandum of law opposing defendants' motion, they continue to dodge the issue, stating:  "The pleading affirmatively alleges that Ms. Landicho and Mr. Gatpo are the only member–managers of Inengkie, thereby

fully satisfying the requirement that the citizenship of all members be pled." But the amended complaint doesn't allege that, and even if it did, that allegation would not answer the question.

First, contrary to their memorandum of law, the amended complaint does not allege that Landicho and Gatpo are the *only* member-managers of Inengkie. It would be perfectly consistent with the amended complaint if there are other member-managers, even though that is contrary to what is stated in the memorandum of law. If there are other member-managers, they are not identified and their citizenship is not described.

Second, even if Landicho and Gatpo are the only member-managers, diversity does not turn on who the "member-managers" are. The citizenship of passive investors holding membership interests in Inengkie – that is, a right to distribution of a percentage of its profits, if any – are just as relevant for diversity purposes as "manager-members." And this Court knows enough about the music production industry to know that the possibility of Inengkie having other non-managing members is not at all far-fetched.

Plaintiffs clearly recognized they have a problem. The amended complaint shows that when plaintiffs wanted to allege the citizenship of an LLC, they knew how to do it and did it correctly. Specifically, in alleging the citizenship of defendants' LLC, they were careful to allege that the "sole" members were the individual defendants. The fact that they made no such allegation regarding Inengkie's membership strongly suggests they could not.

But whether plaintiffs' counsel is deliberately trying to fudge the question because there are in fact non-diverse members of Inengkie, or whether he still doesn't understand how to describe the citizenship of his LLC client, is unclear. What is clear is that both the original complaint and the amended complaint fail to properly allege diversity jurisdiction. Plaintiffs should have known how to invoke this Court's jurisdiction before they filed the complaint.

5

Having been granted leave to amend and still having failed to meet their burden to demonstrate diversity, the case is dismissed.

## CONCLUSION

Defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

**SO ORDERED.**

*Brian M. Cogan*

Dated:   Brooklyn, New York
         February 9, 2026

U.S.D.J.